**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RAYON PAYNE,**

      **Plaintiff,**

v.                                             Case No: 6:25-cv-1552-PGB-RMN

**JUDGE WENDY WILLIAMS BERGER, JUDGE CARLOS E. MENDOZA, JUDGE MARCIA MORALES HOWARD, JUDGE DANIEL C. IRICK, JUDGE LESLIE HOFFMAN PRICE, CLERK ELIZABETH M. WARREN, MICHAEL J. MCCLEARY, DOES 1-10, JUDGE JULIE S. SNEED,**

      **Defendants.**
_____/

<u>**ORDER**</u>

This cause is before the Court on *pro se* Plaintiff Rayon Payne's ("**Plaintiff**") Motion for Preliminary Injunction (Doc. 2 (the "**Motion**")). Upon consideration, Plaintiff's Motion is due to be denied without prejudice.

**I.     BACKGROUND**

Plaintiff initiated this action against Defendants on August 14, 2025. (Doc. 1). Plaintiff then filed an Amended Complaint on August 18, 2025, alleging a series of claims arising under 42 U.S.C. § 1985(3). (Doc. 14). Correspondingly, Plaintiff filed the instant Motion for Preliminary Injunction. (Doc. 2).

## II. DISCUSSION

Simply put, Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 65 and Local Rule 6.02.[1]

Federal Rule of Civil Procedure 65(a)(1) provides that: "[t]he court may issue a preliminary injunction only on notice to the adverse party." Local Rule 6.02(b) also requires a movant to "notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." Additionally, under Local Rule 6.02(c), an opposing party is entitled to respond to a motion for a preliminary injunction.

At the outset, Plaintiff has not provided any indication to the Court that Defendants are aware of the Motion. Nor has Plaintiff established by "clear and convincing evidence an extraordinary circumstance not requiring notice." *See* Local Rule 6.02(b). Finally, Defendants have yet to appear in this action, and thus, have not had an opportunity to respond to the Motion. *See* Local Rule 6.02(c).

Therefore, considering Plaintiff has failed to provide Defendants with notice of the Motion, that alone is a sufficient basis to deny Plaintiff's request for a preliminary injunction. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." (citing FED. R. CIV. P. 65(a)(1))); *see also*

---

[1] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

*Faller v. Casa Bahia at Westshore Yacht Club Condo. Ass'n, Inc.*, No. 8:21-cv-1731-MSS-AAS, 2021 WL 12141705, at *1 (M.D. Fla. Aug. 5, 2021) (denying a motion for a preliminary injunction for failure to comply with the notice requirements).[2] Consequently, the Court need not address the remaining deficiencies within Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 22, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).